150 N.J. Super. 41 (1977)
374 A.2d 1219
EDWINA BARRERA AND MICHAEL BARRERA, APPELLANTS,
v.
DEPARTMENT OF INSTITUTIONS AND AGENCIES, DIVISION OF PUBLIC WELFARE, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1977.
Decided May 13, 1977.
*42 Before Judges LORA, CRANE and MICHELS.
Mr. Jules S. Littman argued the cause on behalf of appellants (Middlesex County Legal Services Corporation, attorney; Mr. Jules S. Littman and Ms. Phyllis G. Warren on the brief).
Mr. Richard M. Hluchan, Deputy Attorney General, argued the cause on behalf of respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by CRANE, J.A.D.
This is an appeal from a determination of the Division of Public Welfare, Department of Institutions and Agencies, denying an application for emergency welfare assistance.
The facts are undisputed. Petitioners resided in New York City with their eight children until August 1976, when a fire destroyed their apartment, furniture and clothing. *43 Thereafter petitioners placed their children in the care of a relative while they took temporary refuge in the Woodbridge, New Jersey, factory building where Mr. Barrera was employed.
On September 1, 1976 the family resumed residence together in a rented house in Highland Park, New Jersey, at a cost of $350 a month, excluding utilities, and applied to the Middlesex County Welfare Board for assistance. A basic assistance grant of $223 a month was issued under New Jersey's Assistance to Families of the Working Poor program (AFWP), N.J.S.A. 44:13-1 et eq. Petitioners and their children had not been recipients of public assistance prior to this grant although the family's income had been limited to the $84 gross weekly earnings of Mr. Barrera.
Petitioners' request for emergency assistance for the payment of a security deposit for the rental of their new dwelling and for the purchase of clothing and furniture was denied. An appeal to the Division of Public Welfare followed and a fair hearing was held. At the hearing petitioners presented testimony showing that they had been rendered homeless by a fire at their former residence and that they were able to move into their current residence by agreeing to pay 1 1/2 month's rent by way of security. Although petitioners had paid $40 of the security, they faced eviction if the rest was not immediately forthcoming.
The Director of the Division of Public Welfare denied the application for emergency assistance on the ground that such assistance may, pursuant to N.J.A.C. 10:82-5.12(a), Assistance Standards Handbook (ASH) § 530.1, be granted only to families who were AFWD or AFDC (Aid to Families with Dependent Children) recipients at the time of the occurrence of an emergency situation defined in N.J.A.C. 10:82-5.12(c), ASH § 530.3.
Needy families residing in this State may be eligible to receive public assistance through the AFDC program, which is financed jointly by federal and state contributions and *44 provides cash grants to families in which a child's economic need results from the death, disability or absence from the home of a parent. 42 U.S.C.A. § 606(a); N.J.S.A. 44:10-1 et seq. See King v. Smith, 392 U.S. 309, 313-314, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Alternatively, they may be eligible to receive AFWP assistance. The AFWP program was created solely by the State Legislature to assist the "unique class" of families "in which both parents are present in the home and who otherwise meet the eligibility criteria set forth in this act by virtue of inadequate income for the support of the family." N.J.S.A. 44:13-1.
Because AFDC and AFWP assistance is sometimes inadequate to meet emergency needs when an unforeseen crisis occurs, see Adens v. Sailer, 312 F. Supp. 923, 927 (E.D. Pa. 1970), the New Jersey Division of Public Welfare adopted a regulation creating an emergency assistance program which utilizes matching funds made available for this purpose by Congress. 42 U.S.C.A. § 606(a)(5). N.J.A.C. 10:82-5.12(a), ASH 530.1, defines "emergency assistance" as "any extra or additional payments * * * issued to or for an eligible unit [i.e., family] otherwise receiving continuing assistance under AFDC or AFWP." Federal legislation authorizing matching federal funds to states having such programs defines "emergency assistance to needy families with children" as "payments, care or services * * * necessary to avoid destitution of such child or to provide living arrangements in a home for such child." 42 U.S.C.A. § 606(e)(1).
Petitioners argue that the emergency assistance regulation promulgated by the Division does not by its terms make eligibility dependent upon receipt of basic AFDC or AFWP grants at the time of the occurrence of the emergency and, alternatively, that if it does, it is invalid to that extent because it restricts eligibility beyond what was intended by Congress. A plain reading of N.J.A.C. 10: 82-5.12(a) can only lead to the conclusion that the regulation *45 has indeed made eligibility for emergency assistance contingent upon a family's continued receipt of basic AFWP or AFDC grants at the time of the occurrence of the emergent situation. Such a condition is invalid because it is inconsistent with the scope and purpose of the applicable federal law and regulations in the sense that it adds a requirement not contained within the federal statutes or regulations.
State participation in federally supported categorical assistance programs such as the emergency assistance program is voluntary. However, a state choosing to participate must comply with the terms of the federal legislation and regulations promulgated pursuant thereto, Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); Hausman v. N.J. Institutions and Agencies Dep't, 64 N.J. 202, 206-207 (1974), cert. den., 417 U.S. 955, 94 S.Ct. 3083, 41 L.Ed.2d 674 (1974), and the state's program must be compatible with the federal purpose of avoiding the destitution and homelessness of needy families with children. Mandley v. Trainor, 523 F.2d 415, 423 (7 Cir.1975). See also, Williams v. Wohlgemuth, 540 F.2d 163 (3 Cir.1976); Purnell v. Edelman, 511 F.2d 1248 (7 Cir.1974); Burton v. N.J. Institutions and Agencies Dep't, 147 N.J. Super. 124 (App. Div. 1977). The condition of continuous prior receipt of public assistance bears no necessary relationship to levels of need of families with children; in fact, it contravenes the implementing regulations of the Department of Health, Education and Welfare, which mandate that:
The groups selected for inclusion in the plan and the eligibility conditions imposed must not exclude individuals or groups on an arbitrary or unreasonable basis, and must not result in inequitable treatment of individuals or groups in the light of the provisions and purposes of the public assistance titles of the Social Security Act. [45 C.F.R. § 233.120(a)(1) (1976)]
*46 In our view, the eligibility criterion in questions excludes individuals such as petitioners on an arbitrary and unreasonable basis that is incompatible with the purposes of 42 U.S.C.A. § 606(e)(1). The invalidity of the condition in light of the federal purpose to avoid the destitution and homelessness of needy families with children becomes manifest when reference is had to that portion of the legislative history of 42 U.S.C.A. § 606(e) which reads as follows:
The families do not have to be receiving, or eligible upon application to receive, AFDC (although they are generally the same type) but they must be without any available resources and the payment or service must be necessary in order to meet an immediate need that would not otherwise be met. [S. Rep. No. 744, 90th Cong. 1st Sess., 1967 U.S. Code Cong. & Admin. News at 3003]
See Mandley v. Trainor, 523 F.2d 415, 421 (7 Cir.1975). But see, Baxter v. Minter, 378 F. Supp. 1213, 1218-1219 (D. Mass. 1974).
The Division relies upon Gonzalez v. Young, 418 F. Supp. 566 (D.N.J. 1976) (appeal pending before the Third Circuit), in support of a conclusion contrary to that which we have reached. In Gonzalez petitioner was accosted and her pocketbook, which contained recently received AFDC payments, stolen. The following day she made application for an emergency assistance grant to enable her to pay rent and utility bills. The application was denied because it was determined that the threat of eviction or discontinuation of utility services was not "manifestly imminent" as required by N.J.A.C. 10:82-12.11(c)(1) (now N.J.A.C. 10:82-5.12(c)). The welfare board case worker had issued petitioner a quantity of food stamps and, having made phone calls to petitioner's landlord and utility company, had received assurances that petitioner and her family would not be evicted and that her utilities would not be turned off. See Burton, supra 147 N.J. Super. at 130. The trial judge in Gonzalez, in affirming the denial of emergency assistance under the circumstances there presented, held (at 572) no more than that federal law *47 does not require a state "to grant assistance where there is only a remote threat of eviction or discontinuance of utility services." See also, Boyd v. N.J. Inst. and Agencies Dep't, 126 N.J. Super. 273 (App. Div. 1974), certif. den., 65 N.J. 281 (1974). We do not read Gonzalez as upholding the validity of the condition of eligibility that is under attack here.
The determination of the Division of Public Welfare is reversed.