Florence KOSTER, John Koster, Donna Koster, John Koster, Jr., Helen Koster, Janet Koster, Edward Koster, Patricia Weatherly, La Shonta Weatherly, Morris Weatherly, Christopher Weatherly and Terrel Weatherly, on their own behalves and on behalf of all others similarly situated, Plaintiffs,

v.

Arthur Y. WEBB, as Acting Commissioner of the New York State Department of Social Services, Francis T. Purcell, as Executive of the County of Nassau, and Joseph A. D'Elia, as Commissioner of the Nassau County Department of Social Services, Defendants.

No. 82 Civ. 2892.

United States District Court,
E.D. New York.

Nov. 9, 1983.

Vicki Lens, Nassau Suffolk Law Services, Hempstead, N.Y., Robert M. Hayes, Coalition for the Homeless, New York City, for plaintiffs.

Howard Zwickel, Asst. Atty. Gen., New York City, for Webb.

Bruce J. Adams, Deputy County Atty., Mineola, N.Y., for D'Elia and Purcell.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is an action under 42 U.S.C. § 1983 alleging that defendants have unlawfully denied plaintiffs emergency shelter in violation of federal law. Plaintiffs also allege violations of New York State law, invoking the Court's pendent jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Defendants Purcell and D'Elia move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted, and Fed.R.Civ.P. 56 for summary judgment. Because matters outside of the pleadings have not been presented to and accepted by the Court, this case is not ripe for summary judgment. Furthermore, because I find that plaintiffs' complaint states both a federal claim under 42 U.S.C. § 1983 as well as a valid pendent state law claim, the Rule 12(b)(6) motion is denied in its entirety.

*Facts*

Plaintiffs named in the complaint comprise two needy homeless families living in Nassau County. They allege that defendants have arbitrarily denied them emergency shelter in violation of both federal and state law. Specifically, the members of the Koster family allege that on September 2, 1982 they were evicted from their home because their landlord wished to use the premises for his own family. Complaint, ¶ 31. The Kosters, who had been receiving public assistance since 1979, Complaint, ¶ 30, repeatedly asked the defendants for emergency shelter. Complaint, ¶ 32. Except for a three day period in early September, these requests were denied. Complaint, ¶ 33. The denials were not in writing. Complaint, ¶ 57.

The Weatherly family, also recipients of public assistance, Complaint, ¶ 44, were rendered homeless on May 20, 1982 when their apartment was completely destroyed by fire. Complaint, ¶ 45. The Weatherlys requested emergency shelter from defendants and were placed in a single room with one bed and one cot without bathroom or cooking facilities. Complaint, ¶ 48. A subsequent request by a social worker on behalf of the Weatherlys for other shelter was denied by defendants. Complaint, ¶ 48. The Weatherlys, five in number, lived in this room for 12 days before Mrs. Weatherly obtained permanent housing. Complaint, ¶ 49.

In addition to their allegations that they have individually been denied emergency shelter, both the Kosters and the Weatherlys, on behalf of a proposed class of needy homeless families in Nassau County, allege that defendants have neither implemented a plan to provide shelter for such families, Complaint, ¶ 39, nor maintain any shelters for needy homeless families in Nassau County. Complaint, ¶ 40. Plaintiffs allege further that defendants either refused to provide needy homeless families with emergency shelter, Complaint, ¶ 42, or referred needy homeless families to grossly substandard shelters which are a hazard to health and safety. Complaint, ¶ 41.

Plaintiffs allege, both individually and on behalf of the proposed class, as causes of action against moving defendants, federal violations of the Social Security Act and state violations of the New York Social Services Law and the New York State Constitution. Specifically, they allege that defendants Purcell and D'Elia, acting under color of state law, denied plaintiffs emergency shelter, thereby violating the Social Security Act and the equal protection and due process clauses of the United States Constitution. As pendent state claims plaintiffs allege that moving defendants have violated the New York Social Service Law, the New York Code of Rules and Regulations, as well as provisions of the New York State Constitution safeguarding care for the needy, equal protection under the State's laws and due process of law.

Plaintiffs seek declaratory and injunctive relief as well as damages, costs and attorneys' fees.

*Discussion*

Moving defendants' motion to dismiss cannot be granted unless, taking plaintiffs' allegations as true, the complaint fails to state a cause of action. In other words, plaintiffs' "complaint [will] not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

In a far reaching affidavit in support of the motion, moving defendants' attorney makes a variety of legal arguments, only some of which are relevant to a motion to dismiss for failure to state a claim. Moving defendants apparently also seek to challenge the court's jurisdiction and to respond affirmatively to the complaint by way of denial and affirmative defense.

Considering first the court's jurisdiction to entertain this suit, the law is clear that individual citizens may seek to enforce federal statutory rights in federal court against state defendants pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. 28 U.S.C. § 1331 gives this court jurisdiction over all cases arising under the Constitution or laws of the United States regardless of the amount in controversy. This includes lawsuits brought pursuant to 42 U.S.C. § 1983.

■ It is also clear that 42 U.S.C. § 1983 may be used by plaintiffs to enforce their purported right to emergency shelter under the Social Security Act. In *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), the Supreme Court unequivocally held that 42 U.S.C. § 1983 "encompasses claims based on purely statutory violations of Federal law." *Id.* at 2, 3, 100 S.Ct. at 2503, 2504. Similarly, the Supreme Court has held that "suits in Federal court under § 1983 are proper to secure compliance with the provisions of the Social Security Act on the part of participatory states." *Edelman v. Jordan,* 415 U.S. 651, 675, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) *citing, Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

More difficult, however, is whether under the Social Security Act plaintiffs are entitled to the emergency shelter they seek. Apparently no other court has passed on this question.

The federal Social Security Act provides for grants to states for aid and services to needy families with children. *See* 42 U.S.C. §§ 301, *et seq.* The grants are embodied in the federal aid to families with dependent children ("AFDC") program, 42 U.S.C. §§ 601–610, and provides for emergency assistance to families, 42 U.S.C. § 606(e). These social services are administered by voluntarily participating states and provide assistance to needy children and needy families. States which choose to participate in the program must submit and have approved by the Secretary of Health and Human Services a plan for administering the programs. 42 U.S.C. § 601. Federal regulations implementing the Social Security Act establish the minimum standards that the state plans must meet. 45 C.F.R. § 233.120(a). Financing for the programs is provided in part by the federal government on a matching fund basis. New York

State participates in both programs, N.Y. Soc.Serv.Law §§ 343 *et seq.*, and the State's plan, which has been approved by the Secretary of Health and Human Services, is set forth in its regulations. Appendix A to plaintiffs' Brief in Opposition; See 18 N.Y.C.R.R. § 372 *et seq.*

■ States which participate in the AFDC program have broad discretion in determining how to disburse AFDC resources. An individual state may determine "its own standard of need [as well as] the level of benefits by the amount of funds it devotes to the program." *King v. Smith*, 392 U.S. 309, 318–19, 88 S.Ct. 2128, 2133–34, 20 L.Ed.2d 1118 (1968). A voluntarily participating state, however, must comply with the applicable federal legislation and implementing regulations. *Carleson v. Remillard*, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 504, 30 L.Ed.2d 448 (1971), *cited in Barrera v. Dep't of Institutions*, 374 A.2d 1219, 1221, 150 N.J.Super. 41 (App.Div.1977).

Section 606(e) of Title 42 provides that "emergency assistance to needy families with children" shall include payments, care or services "to avoid destitution of [a needy] child or to provide living arrangements in a home for such child." Although the federal statute and its implementing regulations do not explicitly require participating states to supply emergency shelter to homeless families with needy children eligible for emergency assistance, the participating states are required to specify in its AFDC plan whether securing family shelter is one of the services to be provided. *See* 45 C.F.R. § 233.120(a)(4). New York's plan states that "securing family shelter" is one of the kinds of services New York State will provide to meet emergency needs or crisis situations of needy families with children. New York State's administrative regulations implementing the plan further state that "securing family shel-

ter" is one of the services necessary to cope with emergency situations which "shall be provided" by the state. 18 N.Y. C.R.R. § 372.4(d). Also, the legislative history of the Social Security Act indicates that emergency shelter was the type of assistance contemplated by the Act. *See* H.R.Rep. No. 544, pp. 17–18, 90th Cong., 1st Sess. (1967); U.S.Code Congressional and Administrative News 2834, 3003, Sen. Rep. No. 744, 90th Cong. 1st Sess. (1967).

Numerous cases have held that a state's AFDC policies and regulations may be challenged in federal court as inconsistent with the requirements of the Social Security Act. *See Maine v. Thiboutot, supra*, 448 U.S. at 6, 100 S.Ct. at 2505, *citing Miller v. Youakim*, 440 U.S. 125, 132 and n. 13, 99 S.Ct. 957, 962 and n. 13, 59 L.Ed.2d 194 (1979); *Quern v. Mandley*, 436 U.S. 725, 729 and n. 3, 98 S.Ct. 2068, 2072, and n. 3, 56 L.Ed.2d 658 (1978); *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975); *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *King v. Smith, supra*, 392 U.S. at 311, 88 S.Ct. at 2130.

■ Similarly, in the instant case plaintiffs claim that New York State has promulgated policies and regulations implementing the AFDC program which are contrary to the Social Security Act. In essence, they argue that by specifying emergency shelter as a service which "shall be provided" to qualifying families and then denying eligible families the aid promised the State of New York has violated the Social Security Act.

I agree. It is clear that New York State voluntarily has committed itself to provide emergency family shelter to needy families with dependent children as part of its participation in the AFDC program. The State, having assumed the responsibility for providing emergency shelter pursuant to the Social Security Act, is bound to fulfill its promise.[1]

---

1. Having found that plaintiffs state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, it is unnecessary for the Court to consider whether plaintiffs have stated a claim

under the equal protection clause of the United States Constitution. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

Plaintiffs also seek to invoke the court's pendent jurisdiction pursuant to *United Mine Workers of America v. Gibbs, supra,* and assert a state claim alleging that by denying plaintiffs emergency shelter, defendants have violated New York State's Social Services Law, as well as Article XVII, § 1 of the New York State Constitution.

Article XVII, § 1 of the New York State Constitution provides:

"The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such a manner and by such means, as the legislative may from time to time determine."

The Court of Appeals of the State of New York has held that Section 1 of Article XVII places upon the state an "affirmative duty to aid the needy." *Tucker v. Toia,* 43 N.Y.2d 1, 8, 400 N.Y.S.2d 728, 731, 371 N.E.2d 449, 452 (1977). The Court found that although the state legislature had broad discretion in satisfying the constitutional mandate to aid the needy, the legislature could not "simply refuse to aid those whom it classified as needy." *Id.*

■ New York Social Services Law, Sections 62(1), 131(1) and 131(3) provides for the assistance and care of the needy as required by the New York State Constitution. Within the group of those people defined as needy are destitute or homeless children. *See* N.Y.Soc.Serv.Law §§ 371(3), 397(1). Thus, under state law, assistance and care of destitute children must be provided by the state.[2] Because plaintiffs' complaint alleges that defendants have failed to provide the aid, care and support of destitute and homeless children required by the Social Services Law, it has stated a claim upon which relief can be granted.[3]

■ Finally, plaintiffs allege that under both the Social Security Act and state law they are entitled to a reasoned determination of their eligibility for emergency shelter assistance and written notice of any adverse termination. The Social Security Act provides for such a reasoned determination, *see* 42 U.S.C. § 602(a)(10); 45 C.F.R. §§ 205.10(a)(12), 206.10(a)(8); *see also Davis v. Smith,* 607 F.2d 535, 540 (2d Cir. 1978), *petition for rehearing granted on other grounds,* 607 F.2d 540 (1979), as does New York's Social Services Law. *See* N.Y. Soc.Serv.Law § 132; see also *Jones v. Berman,* 37 N.Y.2d 42, 52–53, 371 N.Y.S.2d 422, 429, 332 N.E.2d 303, 310 (1975). Similarly, both federal and state statutes provide for written notice of any adverse determination of a request for emergency assistance. 45 C.F.R. § 206.10(a)(4); N.Y. Soc.Serv.Law § 353(b). Since plaintiffs allege that defendants have failed to provide them with both a reasoned determination of their request for assistance and written notification of an adverse determination they state a claim upon which relief can be granted.[4]

---

2. N.Y.Soc.Serv.Law § 131(1) requires that defendant Webb as Acting Commissioner of the New York State Department of Social Services "provide adequately for those unable to maintain themselves." Each public welfare district, one of which is Nassau County, *see* N.Y.Soc. Serv.Law § 62, is also responsible "for the assistance and care of any person who resides or is found in its territory and who is in need of public assistance."

Because plaintiffs have stated a claim by alleging the denial of rights created explicitly by the Social Services Law to aid, care and support destitute children, it is unnecessary for me to decide whether emergency shelter is the guaranteed remedy.

I do not express a view, however, as to whether shelter is the appropriate remedy for the violations alleged by plaintiffs. Such a determi-

nation must await a development of the facts at trial.

3. Emergency shelter is guaranteed explicitly in neither the New York State Constitution nor the New York State Social Services Law. One New York court, however, has held that these provisions did require that emergency shelter be provided for the homeless needy men of the Bowery in New York City. *See Callahan v. Carey,* New York Law Journal, Dec. 11, 1979, at 10, col. 4B (Sup.Ct.N.Y.Co.1979).

4. Since I have found that plaintiffs' allegations of defendants' failure to provide a reasoned determination of plaintiffs' requests as well as a written notification of adverse determination state a claim of violation of both federal and state statutory law, it is unnecessary to consider plaintiffs' arguments that such actions also vio-

In conclusion, plaintiffs have sufficiently alleged violations of federal and state statutory law to withstand defendants' motion to dismiss, which is denied in all respects.

SO ORDERED.

late their federal and state constitutional rights. *See Califano v. Yamasaki,* 442 U.S. 682, 692–93, 99 S.Ct. 2545, 2553–54, 61 L.Ed.2d 176 (1979).