**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1975-14T2

HENRY J. KOCH,

    Claimant-Appellant,

v.

BOARD OF REVIEW, NEW JERSEY
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT, and
ENTEL SYSTEMS, INC.,

    Respondents-Respondents.

_____

    Argued March 13, 2017 — Decided April 25, 2017

    Before Judges Nugent and Currier.

    On appeal from the Board of Review, Department
    of Labor and Workforce Development, Docket No.
    336, 396.

    Alan H. Schorr argued the cause for appellant
    (Schorr & Associates, P.C., attorneys; Mr.
    Schorr and Arykah A. Trabosh, on the briefs.

    Alan C. Stephens, Deputy Attorney General,
    argued the cause for respondent Board of
    Review (Christopher S. Porrino, Attorney
    General, attorney; Melissa Dutton Schaffer,
    Assistant Attorney General, of counsel; Mr.
    Stephens, on the brief).

    Respondent Entel Systems has not filed a
    brief.

PER CURIAM

Claimant Henry J. Koch appeals from the December 12, 2014 and December 24, 2015 decisions of the Board of Review (Board) finding him ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a), and liable for a refund under N.J.S.A. 43:21-16(d). After a review of the contentions advanced on appeal in light of the record before us and the applicable principles of law, we reverse.

Claimant was employed by Entel Systems, Inc. On March 11, 2010, he wrote an email to his employer stating: "Today [my supervisor] Told Me That there is No Work For Me Today And I Should Go Home. I will be fil[]ing Unemployment Insurance[.] It was nice Working with Entel." In his claim submitted for unemployment benefits, claimant indicated that his unemployment was due to a lack of work. The Division of Unemployment and Disability Insurance (Division) approved his application and paid claimant benefits from March 20, 2010 through March 12, 2011.

In March 2010, when the Division advised claimant that he was qualified for benefits, it simultaneously sent a notice to Entel entitled "Notice to Employer of Monetary Determination and Request for Separation Information" (form BC-3E). The "Request for Separation Information" section requested the employer to return

the form if the claimant was separated for a reason other than lack of work. It advised the employer that if the information was not supplied within ten calendar days after the mailing date of the determination, the benefit payments and charges to the employer's account would be processed based on the available information.

In May 2011, having received information from Entel that claimant had misrepresented his reasons for unemployment and that he had quit his job, the Deputy Director (Deputy) of the Division issued a determination that claimant was disqualified for benefits because he left work voluntarily without good cause, pursuant to N.J.S.A. 43:21-5(a). As a result of the disqualification, the Division Director (Director) demanded a refund of the received benefits.

Claimant appealed the disqualification and refund determinations, arguing that he had refused to perform the assigned work because of an unsafe condition and that he was advised to "go home because no other work was available." After several telephonic hearings and appeals to the Appeal Tribunal and Board, the Board determined in August 2012 that claimant was disqualified to receive benefits because he left work voluntarily without good cause attributable to the work, and was therefore liable for a refund.

A-1975-14T2

Following an appeal to this court, we found "ample support in the record" for the Board's ruling that claimant had failed to demonstrate an unsafe workplace and instead had resigned from his job. Koch v. Bd. of Review, No. A-0480-12 (App. Div. July 28, 2014) (slip op. at 14). As a result, we affirmed the Board's decision that claimant was disqualified from receiving unemployment benefits. Ibid. We questioned, however, whether Entel's appeal from the Division's initial decision of eligibility in March 2010 was timely, stating:

> There is no document [from Entel] appealing the [Division's] March 2010 decision in the record, nor is there any explanation as to why a timely appeal would have taken so long to schedule or any other basis for the deputy director's notice. We do not find the State's suggestion that Koch had the duty to produce the appeal document to be at all persuasive.
>
> [Id. at 12.]

Consequently, we remanded the case to the Division for a determination of "whether Entel's appeal of the initial eligibility decision was timely, and if it was not, whether Entel's appeal should have been dismissed and Koch's benefits reinstated." Id. at 14.

After a hearing in October 2014, at which claimant and the Division's representative appeared, the Board issued a decision on December 12, 2014, acknowledging that it was not aware there

4

was a dispute concerning claimant's proffered reason for leaving his job until March 2011. Although the Board could not produce a hard copy of Entel's correspondence,[1] it advised that a March 22, 2011 entry in the computer record of claimant's unemployment claim documented the employer's assertion that claimant had voluntarily quit his job.

The Board conjectured that there were two reasons why the Division did not learn of the "separation issue" until March 2011.

> The first cause of this situation was that the claimant did not provide the Agency with correct information concerning why he was out of work. He informed the Division that his separation was due to lack of work. At our hearing, claimant's attorney insisted that this was indeed the reason for his client's separation. We respond that the findings of the court indicate that the claimant lost his job because he refused to perform an assigned job, that at the time the claimant stopped working the employer sent him a communication that they considered that he had quit his job, and that his supervisor never told him he was terminated. We conclude that had the claimant been more forthcoming given the circumstances surrounding his separation, the Division would have promptly interviewed him and there would have been no one-year wait before a non-monetary determination was issued.

> The second cause of the delay in resolving the separation issue was the massive increase on the Agency's workload caused by the Great Recession. The testimony from the Agency's representative convinces us that the

---

[1] The Board contended the form was either destroyed or lost by the Division.

employer reported promptly after its receipt of the monetary determination that the claimant had quit his job. Nonetheless, the Agency apparently was unable to deal with this matter until March[] 2011.

The Board expressed its belief that the employer had promptly returned the pertinent form disputing claimant's reason for his separation from work. It stated:

> The representative of the Division testified that it was her belief that the delay in resolving the claimant's separation issues was caused either by the Agency's difficulty in dealing with its massive increase in work, or the employer's delay in submitting the BC-3E. We are satisfied that the cause was the former because we cannot think of any reason why the employer would submit the form a year after the claim was filed.

Accordingly, on December 12, 2014, the Board held that Entel had filed a timely appeal from claimant's benefit determination, and he remained disqualified for benefits. Pursuant to our remand instructions, the Board referred the case to the Director to determine whether claimant was entitled to a refund waiver. On December 24, 2015, the Board affirmed the Director's decision finding that claimant was not entitled to a waiver.

On appeal, claimant argues that there was no evidence presented to the Board to support its conclusion that the employer's appeal of his eligibility for benefits was timely.

A-1975-14T2

Our review of administrative agency decisions is limited. A reviewing court will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citation omitted). Likewise, judicial review of an agency's factual determination is highly deferential. In re Bridgewater, 95 N.J. 235, 245 (1984). "If substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's even though the court might have reached a different result." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citations omitted).

After concluding that the Board's determination that claimant was disqualified to receive unemployment benefits was supported by the evidence in the record, we remanded for the Board to determine whether there was a timely appeal filed by the employer of the March 2010 benefits determination.

The Board conducted a hearing with the claimant and Division representative present. When asked how the computer entry from form BC-3E did not come into existence until over a year after the claim was filed, the Division representative responded:

> I can only speculate . . . that either the form came in late or because at this point in time we were dealing with numerous correspondence. We had back logs and it may have been in that back log pile. And it might

> have been entered [into the computer system] when it was discovered.
>
> . . . .
>
> I cannot be sure as I do not have the original form with the date stamp on it so I do not know.

The employer, being absent from the hearing, but apparently being notified of it, provided no proofs as to when it filed an appeal of the benefits determination.

In its decision concluding that there was a timely appeal, the Board stated:

> [There was a] massive increase on the Agency's workload caused by the Great Recession. The testimony from the Agency's representative convinces us that the employer reported promptly after its receipt of the monetary determination that the claimant had quit his job. Nonetheless, the Agency apparently was unable to deal with this matter until March[] 2011.

The Board continued,

> [W]e believe the employer did promptly return the form. The representative of the Division testified that it was her belief that the delay in resolving the claimant's separation issues was caused either by the Agency's difficulty in dealing with its massive increase in work, or the employer's delay in submitting the BC-3E. We are satisfied that the cause was the former because we cannot think of any reason why the employer would submit the form a year after the claim was filed.

The Board's conclusions were not based on substantial credible evidence in the record. The agency's representative speculated as to what might have occurred with the form. She did not testify that there was a massive increase in work or refer to a "great recession." The Board drew its own conclusion, stating that it was the logical conclusion. This is not a decision that is supported by the evidence in the record. There was no evidence presented to support a timely appeal as there was no record of the employer filing the appeal and the employer chose not to participate in the Board's hearing.

N.J.S.A. 43:21-6(b)(1) sets forth the procedure for appeals of an agency determination of unemployment benefits. It states that unless the claimant or any interested party, within seven calendar days after delivery of notification of an initial determination or within 10 calendar days after such notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith.

New Jersey courts have consistently held that the limitation period proscribed by this statute is of jurisdictional import and "hence not generally subject to either equitable tolling or enlargement under the so-called discovery rule." Hopkins v. Bd. of Review, 249 N.J. Super. 84, 88-89 (App. Div. 1991); see also

<u>Lowden v. Bd. of Review</u>, 78 <u>N.J. Super.</u> 467, 470 (App. Div. 1963) (explaining that the Unemployment Compensation Law is social legislation "which should be construed by the courts to give effect to its beneficent purposes[]" but does not authorize courts to extend time limitations intended by the Legislature to be fixed as an absolute deadline in the statute).

We find the Board's decision was arbitrary and not supported by the credible evidence. We therefore reverse the Board's decision for the lack of proofs presented to support its conclusion that the employer filed a timely appeal as required under the statute. Accordingly, we also reverse the determination that claimant is liable for a refund.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1975-14T2