126 N.J. Super. 273 (1974)
314 A.2d 79
NORMA BOYD, APPELLANT,
v.
DEPARTMENT OF INSTITUTIONS AND AGENCIES, DIVISION OF PUBLIC WELFARE, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1973.
Decided January 15, 1974.
*274 Before Judges HANDLER, MEANOR and KOLE.
Ms. Randall W. Westreich argued the cause for appellant (Mr. Robert L. Doris, Jr., Director, Essex County Legal Services, attorney).
Mrs. Joan W. Murphy, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney).
PER CURIAM.
This is an appeal from a decision of the Division of Public Welfare denying appellant's claim for benefits.
On April 4, 1972 appellant's husband informed her that he had applied for assistance under the Aid to Families of the Working Poor program (AFWP). The husband deserted her and their children shortly thereafter. Appellant claims that she called the Essex County Welfare Board concerning her nonreceipt of AFWP funds and was assured that her check was in the mail. In fact, no application had been made. There was evidence adduced below that another family with the same surname had made a similar application and the possibility surfaced that confusion resulting from this fact led to the erroneous information appellant claims to have received.
*275 Appellant had borrowed $500 to pay outstanding bills. She claims that in reliance upon the representation that her AFWP check was on the way, she made only a token payment on her Public Service bill with the result that her utilities were cut off. She says that had she known that no AFWP check would be forthcoming, she would have paid Public Service and prevented the shutoff. She claims that the Essex County Welfare Board is estopped from denying her AFWP benefits.
There is no allegation that the asserted misrepresentation concerning the AFWP payment was other than an innocent one. In light of this plus the general reluctance to apply estoppel against governmental agencies, Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493 (1955), we find the refusal below to honor the estoppel argument to be free from error.
On April 24, 1972 appellant applied for benefits under the Aid to Families with Dependent Children program (AFDC) and has been receiving such benefits since the date. In the alternative, she claims that her need for funds with which to pay her Public Service bill qualifies her for emergency assistance under N.J.A.C. 10:82-12.11. (It might be noted that appellant's utilities have long since been restored.) This regulation governs the supply of emergency assistance, but requires that the emergency be one for which the applicant had no advance opportunity to plan to meet. N.J.A.C. 10:82-12.11(c). Deeming the recognized inevitability of utility bills to present an expense for which ample advance planning was afforded, the claim for emergency assistance was denied.
Appellant counters with the assertion that the above New Jersey regulation conflicts with 42 U.S.C.A. § 606(e) (1) which defines "emergency assistance," and upon this premise argues that the New Jersey regulation must give way. We have no quarrel with the conclusion if the premise is accurate, but find this not to be so. We do not read the federal statute as attempting an exclusive definition of the term *276 "emergency" for all situations under which emergency assistance may be provided. Rather we think the New Jersey regulation refines the term according to its general common sense understanding.
Affirmed.