249 N.J. Super. 84 (1991)
591 A.2d 1371
DARLENE F. HOPKINS, APPELLANT,
v.
BOARD OF REVIEW AND MOBILE CHECK CASH, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1991.
Decided June 20, 1991.
*85 Before Judges PRESSLER, DEIGHAN and A.M. STEIN.
Christine Allen-Jackson argued the cause for appellant (Camden Regional Legal Services, Inc., attorney, Christine Allen-Jackson on the brief).
Madeline Houston argued the cause on behalf of amicus curiae Legal Services of New Jersey, Inc. (Madeline Houston and Margaret Stevenson on the brief).
John C. Turi, Deputy Attorney General, argued the cause for respondent Board of Review (Robert J. Del Tufo, Attorney *86 General, attorney, Mary C. Jacobson, Deputy Attorney General, of counsel, John C. Turi on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This is an unemployment compensation case. Claimant Darlene F. Hopkins appeals from a decision of the Appeal Tribunal, affirmed by the Board of Review, rejecting her challenge to the demand of the Division of Unemployment and Disability Insurance (Division) that she repay $2355 in benefits which she received between September 1989 and January 1990. This decision was based on the Appeal Tribunal's conclusion that because claimant had failed to file her appeal from the demand notice within the requisite 10-day period, she was bound thereby despite its own finding that the demand had been premised on a substantive error by the local Deputy and that claimant had actually been entitled to receive the benefits which the Division was attempting to recoup from her. We reverse. We hold that notwithstanding claimant's non-compliance with the 10-day rule, the Division is precluded from recovering benefits to which the agency itself has found the claimant to be entitled.
The facts are undisputed. Claimant is a 28 year old single parent of four young children ranging in age from seven to twelve. She lost her cashier's job in July 1989 and applied for unemployment compensation benefits, which she began to receive in due course. Realizing that her lack of a high school diploma was impeding her ability to find work, she enrolled in an evening course at a local public high school in order to obtain a G.E.D. (general education diploma) certificate. As part of her enrollment benefits, she was accorded additional two-hour tutoring sessions two mornings a week. During the course of her reporting interviews at the local unemployment office, she advised the staff of her educational program. As she testified before the Appeal Tribunal, she also then assured the interviewer that her day-time tutoring did not interfere with *87 her availability for work. As the appeals examiner found, "the tutoring hours could have been changed to evenings and the evening hours could have been adjusted by the claimant as well. There was nothing in the Division's records to indicate that the Deputy had questioned the claimant as to whether her hours of tutoring or class could be changed."
The Deputy nevertheless unilaterally undertook to redetermine claimant's eligibility based on her school attendance and tutoring, and decided that she was disqualified thereby for benefits. On January 8, 1990, claimant received the following notice of determination from the Division:
You are hereby notified that based upon the facts obtained and in accordance with the New Jersey Unemployment Compensation Law, the Deputy (named below) has determined that:
You are ineligible for benefits from 09/03/89 and will continue to be ineligible until there is a change in the facts upon which this determination is based.
You have been in training from 09/03/89.
You are attending a job training program during the hours that you normally work. The training program has not been approved by the division as a means of enhancing your employment opportunities. You are ineligible for benefits.
The notice was accompanied by the text of N.J.S.A. 43:21-4(c)(1), which prescribes availability for work as a condition of eligibility, and N.J.S.A. 43:21-4(c)(4), which provides that a claimant will not be deemed unavailable by reason of attending "a training program approved for the individual by the division to enhance the individual's employment opportunities..."
Based on the redetermination, the Division, on the same day, sent claimant a repayment demand covering all benefits she received during her night school attendance, namely $157 a week for fifteen weeks, a total of $2355. The demand explained again that claimant's ineligibility was based on her "participating in a [sic] unapproved training course."
Both the redetermination notice and the repayment demand included the advice that an appeal was required to be taken within 10 days. Claimant did not do so, testifying that she did not notice the appeal provision, having been shocked and dismayed by the substance of the respective notices. Apparently *88 she did nothing other than to continue her educational course and to intensify her efforts to find work. In mid-February 1990, however, she received a second demand notice from the Division. Within several days thereafter, she attempted to obtain relief from the repayment obligation and, aided by Camden County Legal Services, filed an appeal with the Appeal Tribunal, which conducted a hearing on March 22, 1990. By that date, the gravity of claimant's financial situation had forced her to obtain public assistance.
The Appeal Tribunal was of the view that the effect of the untimely appeal was to deprive it of jurisdiction to consider the issue of claimant's eligibility for purposes of the January 1990 redetermination of ineligibility and repayment demand. It nevertheless asserted its jurisdiction to consider claimant's eligibility for prospective benefits commencing on February 11, 1990, the beginning of the first week following the filing of her appeal. In the context of that period of unemployment, the Appeal Tribunal found that:
The facts brought out at the hearing were substantial in showing that the claimant's hours of school and tutoring were part-time and adjustable. It has not been established, therefore, that this placed any severe or undue restriction on her availability for work. She is eligible for benefits from February 11, 1990, through March 17, 1990, as provided under R.S. 43:21-4(c), but subject to reporting and otherwise meeting active search for work requirements. The claimant was ineligible for benefits February 6, 1990, through February 10, 1990, as it was not a "week," as required under R.S. 43:21-19(q).
The Appeal Tribunal concluded therefore that claimant was eligible for benefits commencing February 11, 1990, but that her appeal was required to be dismissed on jurisdictional grounds insofar as it related to any prior time periods. The Board of Review affirmed for the reasons stated by the Appeal Tribunal, concluding, however, that the prospective period of eligibility should commence not on February 11, 1990, but rather on January 13, 1990, the beginning of the first week following the redetermination. Claimant appeals.
Claimant urges us to reconsider the nature of the 10-day limitations period prescribed by N.J.S.A. 43:21-6(b)(1), which *89 has consistently been held to be jurisdictional and hence not generally subject either to equitable tolling or to enlargement under the so-called discovery rule. See, e.g., Lowden v. Board of Review, 78 N.J. Super. 467, 470, 189 A.2d 224 (App.Div. 1963). And see generally Air-Way Branches, Inc. v. Board of Review, 10 N.J. 609, 614-615, 92 A.2d 771 (1952). Appellant also argues that the ten-day period is inadequate and that in any event the typography of the Division's correspondence fails to emphasize this time limitation in a manner calculated to engage the immediate and informed attention of a lay recipient.
We need not address any of these issues, however, because we are satisfied that irrespective of the untimely appeal, the Division cannot recover from this claimant payments to which the Board of Review has found her entitled. We note first that in this case, and perhaps atypically so, the agency, in deciding the issue over which it did have jurisdiction, namely, claimant's eligibility on and after February 11, 1990, necessarily decided the issue over which it did not have jurisdiction, namely, claimant's eligibility from September 1989 to January 1990. The issue and the dispositive facts as to each period of time were identical. Thus, in deciding that claimant was eligible as of February 11, 1990, it also decided that she was eligible during the earlier period as well. This being so, we are persuaded that requiring her to repay the benefits she properly and lawfully received, a repayment which is obviously an excruciating and disproportionate burden for her, is too unpalatable a disposition for a court of law to accept.
The appropriate legal theory on which to undo this truly bizarre result reached by the Division is readily at hand. We conclude that irrespective of whatever procedural deficiencies may have been committed by an uneducated, untutored and unrepresented beneficiary of remedial social legislation, the Division is estopped from obtaining repayment of benefits which its own adjudicative arm has found to have been properly paid. The bureaucracy charged with the implementation of *90 remedial social legislation is supposed to assist its intended beneficiaries, not victimize them. It was bad enough that the bureaucracy here made the error of declaring claimant to be ineligible for benefits already paid to her. The insistence of the Division on compounding that error by requiring claimant to repay those benefits, even though she rightfully received them, is misguided. We are well aware that courts are loathe, and appropriately so, to burden government with the consequences of estoppel. Nevertheless, we have not hesitated to do so where such matters as fundamental fairness, substantial justice and the legitimacy of the governmental process itself are implicated. See W.V. Pangborne & Co., Inc. v. N.J. Department of Transportation, 116 N.J. 543, 554, 562 A.2d 222 (1989); O'Malley v. Department of Energy, 109 N.J. 309, 316, 537 A.2d 647 (1987); Garcia v. Snedeker, 199 N.J. Super. 254, 264, 489 A.2d 175 (App.Div. 1985). This too is a case requiring the application of estoppel in order to insure that government meets its supervening obligation of fair dealing with the public. W.V. Pangborne & Co., Inc. v. N.J. Department of Transportation, supra, 116 N.J. at 561-562, 562 A.2d 222; F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J 418, 426, 495 A.2d 1313 (1985).
We make one further observation. The Division argues that in the absence of a timely appeal, its repayment demand must be complied with even though the underlying debt is not owed because, it asserts, that is the law. We decline, however, to take so dickensian an approach. We further reject the Division's reliance on N.J.A.C. 12:17-10.2, which authorizes the Director to waive repayment if the claimant did not misrepresent and conceal material facts and if the claimant is deceased or permanently disabled. These two conditions, it argues, exhausts the scope of the Director's waiver authority, and thus since claimant is neither dead nor disabled, she must repay even though she is innocent and entitled. We disagree with this contention. We do not construe the regulation as *91 precluding the discretion to waive a debt which is not owed at all.
We reverse the decision of the agency to the extent it declines relief from the repayment demand, which we hereby vacate. In all other respects, the decision is affirmed.