691 A.2d 895

F. RUSSELL BANNAN, APPELLANT, v. BOARD OF
REVIEW AND E.I. DUPONT, DE NEMOUR &
COMPANY, INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 8, 1997—Decided April 18, 1997.

Before Judges D'ANNUNZIO and NEWMAN.

Appellant F. Russell Bannan submitted a pro se brief.

*Peter Verniero,* Attorney General, attorney for respondent Board of Review (*Alan C. Stephens,* Deputy Attorney General, on the brief).

The opinion of the Court was delivered by

NEWMAN, J.A.D.

Claimant, F. Russell Bannan, Jr., appeals from the final decision of the Board of Review affirming the Appeal Tribunal, which required claimant to refund $708 in overpaid unemployment compensation benefits. We affirm.

Claimant was employed by E.I. Dupont for twenty-nine years and accepted a retirement in July 1995. Payment of his retirement benefits would not begin until the end of September 1995. In the interim, claimant worked full time as a security guard for Coastal Oil Company. Claimant worked forty hours for the weeks ending August 12, 1995, August 19, 1995 and August 26, 1995. He worked fifty-six hours during the week ending September 1, 1995. He received $708 in unemployment benefits for the weeks ending August 12, 1995 and August 19, 1995. The Board of Review required claimant to refund the unemployment benefits which were erroneously paid to him.

On appeal, claimant contends that he should not be required to refund these benefits because the agency was responsible for the overpayment. Claimant is incorrect. Where an individual who has been paid unemployment compensation benefits is subsequently found to have been ineligible for those benefits, that individual must repay them in full to the Division of Unemployment and Temporary Disability Insurance (Division). *N.J.S.A.* 43:21–16(d). Here, claimant was not engaged in less than full time employment during the weeks of August 12 and 19, 1995 and, therefore, was ineligible for unemployment benefits. *N.J.S.A.* 43:21–3(b); *N.J.S.A.* 43:21–19(m)(1) and (2); *N.J.A.C.* 12:17–3.1.

Claimant does not qualify for a waiver of a refund. Under *N.J.A.C.* 12:17–10.2, the Division's Director may waive recovery of benefits only to a deceased or permanently disabled person who has not misrepresented information or withheld a material fact in obtaining benefits. While claimant has neither misrepresented information nor withheld material facts in obtaining benefits, he

clearly is neither deceased nor permanently disabled. Thus, he does not qualify for a waiver.

To the extent that claimant asserts that the State should be estopped from recovering the benefits paid to him because he relied on what he was told by an employee of the unemployment office when he took the interim employment as a security guard, this argument is also rejected.

*N.J.S.A.* 43:21–16(d) requires the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits. *Fischer v. Board of Review,* 123 *N.J.Super.* 263, 266, 302 *A.*2d 530 (App.Div.1973) (holding that claimant was required to refund erroneously paid unemployment benefits even though she applied for them in good faith). The broad scope of the refund provision is rooted in and essential to the accomplishment of the basic purpose of the Unemployment Compensation Act. The eligibility and disqualification provisions of the unemployment law are designed to preserve the Unemployment Trust Fund for the payment of benefits to those individuals entitled to receive them. *Stauhs v. Board of Review,* 93 *N.J.Super.* 451, 455, 226 *A.*2d 182 (App.Div.1967). When reviewing unemployment appeals, the Board of Review is charged with the responsibility to serve not only the interest of the individual unemployed, but also the interests of the general public. *Zielenski v. Board of Review,* 85 *N.J.Super.* 46, 52, 203 *A.*2d 635 (App.Div.1964) (citation omitted).

This court has recognized that the recovery of improperly paid unemployment compensation benefits furthers the purpose of the unemployment compensation laws. *Vasquez v. Horn,* 181 *N.J.Super.* 529, 532–33, 534, 539, 438 *A.*2d 570 (App.Div.1981) (upholding *N.J.A.C.* 12:17–10.1 *et seq.,* in which procedures for recovery of overpayments and conditions for waiver or refund are set forth), *certif. denied,* 91 *N.J.* 196, 450 *A.*2d 530 (1982). The public interest clearly is not served when the Unemployment Trust Fund is depleted by the failure to recoup benefits erroneously paid to an unentitled recipient, however blameless he or she may have been.

It is in situations involving just such competing interests between the individual and society in general that the reluctance to apply estoppel against governmental agencies is most warranted. That the individual suffers a hardship is unfortunate, but it is necessary to preserve the ongoing integrity of the unemployment compensation system. In 42 *U.S.C.A.* § 503, Congress specified the provisions which must be included in a state's unemployment compensation laws to enable the state to receive federal funds to assist in the administration of those laws. The federal law requires that a state recover improperly paid unemployment compensation benefits. 42 *U.S.C.A.* § 503(a)(9); *Brewer v. Cantrell,* 622 *F.Supp.* 1320, 1324 (D.Va.1985), *aff'd,* 796 *F.*2d 472 (4th Cir.1986).

Recoupment provisions in state unemployment laws are necessary in order to allow the congruent implementation of the requirement, on the one hand, that all federal moneys be used for the proper and efficient administration of the unemployment compensation laws, and on the other hand, that benefits be paid "when due." 42 *U.S.C.A.* § 502(a); 42 *U.S.C.A.* § 503(a)(1). This latter provision usually results in payments being made upon an initial determination of eligibility even though this determination may subsequently be overturned. *Brewer, supra,* 622 *F.Supp.* at 1323–24.

The *Brewer* court maintained that overpayments of benefits "are not unemployment compensation." Thus, when payments are made to ineligible claimants, the monies in the state's unemployment compensation fund are not being used for the proper administration of that fund, in violation of 42 *U.S.C.A.* § 502(a). *Id.* at 1324. The court concluded that if a state did not recoup monies expended in improper payments, the United States Secretary of Labor would be required to cease approving federal grants to that state. *Ibid.* The states possess discretion only in the choice of recoupment method; they may elect direct payment from the claimant or deduct from future benefits. 42 *U.S.C.A.* § 503(g)(1).

The application of estoppel to unemployment compensation refunds is further complicated by the fact that virtually every recipient of unemployment benefits who by definition lacks adequate sources of income and relies upon the initial representation that benefits will be paid, uses the payments to meet expenses and faces difficulty repaying sums that are subsequently determined to have been erroneously disbursed.

In an analogous and even more egregious context, we recognized that a social service recipient who suffers a financial hardship due to an error by agency personnel may not rely upon principles of estoppel against the State to redress that loss. In *Boyd v. Dept. of Institutions & Agencies*, 126 *N.J.Super.* 273, 274–75, 314 *A*.2d 79 (App.Div.), *certif. denied*, 65 *N.J.* 281, 321 *A*.2d 242 (1974), we refused to apply estoppel where information given by a staff person resulted in the denial of welfare benefits which the claimant would otherwise have been entitled to receive. The woman and children who lost their welfare benefits certainly suffered serious financial harm when they relied upon the action of the governmental employee who provided them with erroneous information about the pendency of their claim. *Id.* at 275, 314 *A*.2d 79.

The only case in which estoppel has been applied to bar recoupment of unemployment benefits further illustrates the crucial importance of preserving the Unemployment Trust Fund for individuals genuinely entitled to benefits under the unemployment statute. In *Hopkins v. Board of Review*, 249 *N.J.Super.* 84, 90, 591 *A*.2d 1371 (App.Div.1991), we acknowledged that "courts are loathe, and appropriately so, to burden government with the consequences of estoppel." Nevertheless, in *Hopkins*, considerations of fundamental fairness, substantial justice and legitimacy of governmental process required the application of estoppel to prevent the agency from recouping unemployment benefits to which the claimant actually was entitled, although she had failed to file a timely appeal from the agency's erroneous determination that she was ineligible for benefits. *Id.* at 86, 90, 591 *A*.2d 1371.

Clearly, the dispositive factor in *Hopkins* was the claimant's *bona fide* entitlement to the benefits in question.

The application of estoppel to bar the recoupment of erroneously paid unemployment benefits is not justified and would be contrary to the legislative purpose underlying the unemployment compensation statute.

The decision of the Board of Review is affirmed.