NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5689-14T1

LYDIA WAGNER,

 Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR AND WORKFORCE
DEVELOPMENT, and UNITED STATES
POSTAL SERVICE,

 Respondents.
___________________________________

 Argued October 30, 2017 – Decided November 28, 2017

 Before Judges Whipple and Rose.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 442,214.

 Lydia Wagner, appellant, argued the cause pro
 se.

 Christopher Weber, Deputy Attorney General,
 argued the cause for respondent Board of
 Review (Christopher S. Porrino, Attorney
 General, attorney; Melissa Dutton Schaffer,
 Assistant Attorney General, of counsel; Adam
 C. Verone, Deputy Attorney General, on the
 brief).
 Respondent United States Postal Service has
 not filed a brief.

PER CURIAM

 Claimant Lydia Wagner appeals from the June 15, 2015 final

decision of the Board of Review denying her request, pursuant to

N.J.A.C. 12:17-14.2, for a waiver of recovery of unemployment

benefits she erroneously received when she was ineligible. We

affirm.

 The record reflects Wagner was employed as a clerk with the

United States Postal Service from July 7, 1984 until May 31, 2009,

when she accepted an early retirement package. On June 9, 2009,

Wagner filed for unemployment benefits. Wagner received

unemployment benefits from June 13, 2009 through May 29, 2010. In

December 2011, the Deputy to the Director of the Division of

Unemployment Insurance determined Wagner was ineligible for

benefits, having "left work voluntarily without good cause

attributable to such work" pursuant to N.J.S.A. 43:21-5(a).

 Wagner administratively appealed the Deputy's determination

to the Appeal Tribunal. Following a hearing in May 2012, at which

Wagner participated with counsel, the Tribunal affirmed the

Deputy's determination. Wagner administratively appealed the

Tribunal's determination to the Board of Review. In October 2012,

the Board issued a decision upholding the Tribunal's ruling

 2 A-5689-14T1
disqualifying Wagner for benefits and finding she was responsible

for refunding the benefits received in the amount of $23,970.

Wagner did not appeal the Board's decision to this court.1 See R.

2:4-1(b) (requiring appeals from final agency decisions to be

filed "within 45 days from the date of service of the decision or

notice of the action taken.").

 The Board referred Wagner's separate request for a waiver of

the refund to the Director of the Division of Unemployment

Insurance. In September 2013, the Director denied Wagner's request

for a waiver. Wagner administratively appealed the Director's

denial to the Appeal Tribunal. Wagner participated in the hearing

with counsel. In January 2014, the Tribunal affirmed the

Director's determination.

 Wagner administratively appealed and the Board then remanded

to the Tribunal for an explanation as to why the Bureau of Benefit

Payment Control denied Wagner's request for a waiver. Wagner

participated in this hearing with counsel. In sum, the Bureau's

investigator testified that Wagner's financial disclosure did not

demonstrate a hardship, supporting the Bureau's determination that

1
 Wagner's chief argument on appeal is that she left employment
with good cause because the Postal Service was downsizing and it
offered her early retirement. Because Wagner did not appeal the
Board's decision disqualifying her benefits, that issue is not
properly before us. Consequently, we do not address the portions
of Wagner's brief contesting the merits.

 3 A-5689-14T1
Wagner had sufficient income to meet her needs and refund the

benefits. After the hearing, the Tribunal denied Wagner's request

for a waiver, finding "the amount overpaid is not patently contrary

to principles of equity, in accordance with N.J.A.C. 12:17-14.2."

 Wagner administratively appealed the Tribunal's decision on

her waiver request. In a final decision dated June 15, 2015, the

Board affirmed the Tribunal's determination. This appeal

followed.

 Our scope of review of an agency decision is limited. In re

Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State

Prison, 81 N.J. 571, 579 (1980)). In challenging an agency

conclusion, the claimant carries a substantial burden of

persuasion, and the determination of the administrative agency

carries a presumption of correctness. Gloucester Cty. Welfare Bd.

v. N.J. Civil Serv. Comm'n, 93 N.J. 384, 390-91 (1983); McGowan

v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div.

2002). We also accord substantial deference to the agency's

interpretation of a statute it is charged with enforcing. Bd. of

Educ. of Neptune v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31

(1996).

 Further, "[w]e are obliged to defer to the Board [of Review]

when its factual findings are based on sufficient credible evidence

in the record." Lourdes Med. Ctr. of Burlington Cty. v. Bd. of

 4 A-5689-14T1
Review, 197 N.J. 339, 367 (2009) (internal quotation marks and

citations omitted). We overturn an agency determination only if

it is arbitrary, capricious, unreasonable, unsupported by

substantial credible evidence as a whole, or inconsistent with the

enabling statute or legislative policy. Brady v. Bd. of Review,

152 N.J. 197, 210-11 (1997).

 Once a person has been disqualified from receiving

unemployment benefits, the unemployment compensation statute

generally requires repayment of any benefits received. N.J.S.A.

43:21-16(d)(1). Recoupment of "unemployment benefits received by

an individual who, for any reason, regardless of good faith, was

not actually entitled to those benefits[,]" protects the public

and maintains a fund for those adversely affected by unemployment,

rather than those who voluntarily choose to leave the workforce.

Bannan v. Bd. of Review, 299 N.J. Super. 671, 674 (App. Div. 1997).

"The public interest clearly is not served . . . by the failure

to recoup benefits erroneously paid to an unentitled recipient,

however blameless he or she may have been." Ibid.

 Nonetheless, the Director may authorize a repayment waiver

or payment plan if the claimant is deceased, disabled or where

"the recovery of the overpayment would be 'patently contrary to

the principles of equity.'" N.J.A.C. 12:17-14.2(d). In order to

determine whether recovery would be "patently contrary to the

 5 A-5689-14T1
principles of equity," the Director must determine "whether the

terms of a reasonable repayment schedule would result in economic

hardship to the claimant." Ibid.

 Here, the Board duly considered claimant's waiver request and

determined she was not entitled to such relief. Wagner's claim

of economic hardship is not adequately supported by her financial

disclosure to the Bureau. Nor has Wagner demonstrated that

repayment would be "patently contrary" to principles of equity.

We are satisfied, therefore, that the Board's determination was

fully supported by the facts and applicable law.

 We recognize Wagner did not act in bad faith in receiving the

erroneously paid benefits, but she is still required to repay

them. N.J.S.A. 43:21-16(d)(1). She has failed to satisfy an

economic hardship, or any other, ground for a waiver pursuant to

N.J.A.C. 12:17-14.2(d). We are compelled to affirm the agency

decision unless it is arbitrary, capricious or unreasonable. Barry

v. Arrow Pontiac, Inc., 100 N.J. 57, 71 (1985). We discern no

reason to interfere with the Board's determination. We do not,

however, foreclose the agency from adopting a repayment plan to

enable Wagner to repay the balance due in reasonable installments.

 Affirmed.

 6 A-5689-14T1