**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3604-18T1

LUCILLE GABEL,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and THREE STAR TOURS, INC.,

      Respondents.

_____

Submitted March 12, 2020 – Decided April 15, 2020

Before Judges Alvarez and Suter.

On appeal from the Board of Review, Department of Labor, Docket No. 164,613.

Lucille Gabel, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Ryan J. Silver, Deputy Attorney General, on the brief).

Respondent Three Star Tours, Inc., has not filed a brief.

PER CURIAM

Lucille Gabel (petitioner) appeals from a final decision of the Department of Labor and Workforce Development's Board of Review (Board) that sustained the Appeal Tribunal's determination she was disqualified from unemployment benefits because she left her employment voluntarily without good cause attributable to the work. We affirm the Board's decision.

I.

Petitioner was employed by respondent Three Stars Tours, Inc.[1] from July 2017 until August 10, 2018. Although initially hired on a temporary basis to reconcile Three Stars' corporate tax returns, she later was given the responsibilities of office manager and her salary increased. She was working thirty-five hours a week when she resigned.

Two days later, petitioner applied for unemployment benefits, claiming she was laid off, although she acknowledged at the subsequently conducted hearing that work was available for her at her job. She was paid $795 in unemployment benefits for the weeks ending August 18, 2018 through September 1, 2018.

---

[1] Three Stars' brief was suppressed on November 18, 2019.

A-3604-18T1

In October 2018, the Division of Unemployment Insurance (Division) disqualified petitioner from benefits on the ground she left work voluntarily without good cause attributable to the work. The Division mailed petitioner a Request for Refund seeking repayment of the benefits she received. Petitioner appealed these determinations to the Appeal Tribunal.

A hearing was conducted by a hearing examiner. Petitioner testified she left Three Stars on August 10, 2018. She described the company as "dysfunctional" and that they did not "manage[] their business right." She claimed she was asked to falsify payroll records. Ibid. She did not "want to falsify QuickBook records." She was aware of these problems "from the very beginning." She also complained the office was a "fire hazard" because there was "no way out." Petitioner acknowledged she told her employer she was going to stay for the rest of the summer in 2018, because it was their busy season.

Petitioner testified she did not have proof to substantiate her complaints. She acknowledged she did not report Three Stars to any regulatory authorities prior to leaving employment. She did not speak to the owners about her concerns because she "[did not] think it would really matter." Petitioner acknowledged she was not under a threat of discharge at the time she left. She

did not ask to change her position because "[t]here was no other change of position." She never asked for a leave of absence.

On the day petitioner left employment, she contends she was supposed to make adjustments to the hours and driver's log of one of their bus drivers, she learned the company was proceeding with a new accounting program and she would be "the sole person responsible for their books[,]" and her supervisor had an argument with another person she could overhear. She testified she left Three Stars saying, "I'm done. I'm done. I'm going. No more. I'm done. I quit." In her brief, she acknowledged saying "I'm not coming back."

The Appeal Tribunal denied petitioner's application for benefits under N.J.S.A. 43:21-5(a) for voluntarily leaving work without good cause attributable to the work. It found petitioner "did not present any evidence" to support her allegations against her employer. She "had planned to leave at the end of August, regardless of what had occurred on [August 10, 2018]." The Board found there was available work for petitioner, and she was not threatened with discharge. It found she did not raise any of her issues with Three Star or regulatory agencies. The Board concluded petitioner left work voluntarily without good cause attributable to the work and because of this, she was required under N.J.S.A. 43:21-16(d) to refund the benefits she had received.

Petitioner timely appealed to the Board. Her letter of appeal asked the Board to subpoena Three Stars' insurance and payroll records, and to examine them for evidence of falsification. Ibid.

The Board affirmed the Appeal Tribunal decision after examining the hearing record "carefully." It found there was "no valid ground for a further hearing" because petitioner had been given the ability to "offer any and all evidence" and had been "given a full and impartial hearing."

Petitioner appeals the Board's decision, contending she left her employment because she "was expected to participate in illegal activities and work in an unsafe environment," citing to Casciano v. Board of Review, 300 N.J. Super. 570 (App. Div. 1997). Petitioner argues she should not be disqualified for benefits due to the office's potential fire hazard, citing N.J.A.C. 12:17-9.4.

II.

Our review of an agency's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We will not intervene unless

the Board's decision is "arbitrary, capricious, or unreasonable." Ibid. However, we will review an agency's interpretation of a statute de novo. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502 549 (2002)).

A person is disqualified from unemployment benefits if she leaves work voluntarily and not for good cause attributable to the work. N.J.S.A. 43:21-5(a). "Accordingly, benefits are available to a worker who voluntarily leaves [her] job only if it [was] for 'good cause attributable to [the] work.'" Utley v. Bd. of Review, 194 N.J. 534, 544 (2008) (third alteration in original) (quoting N.J.S.A. 43:21-5(a)).

N.J.A.C. 12:17-9.1(b) defines "good cause attributable to [the] work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." "The test of 'ordinary common sense and prudence' must be utilized to determine whether an employee's decision to leave work constitutes good cause." Brady, 152 N.J. at 214 (quoting Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div. 1964)). An employee who has left work voluntarily has the burden of proving "he [or she] did so with good cause attributable to [the] work." Id. at 218; N.J.S.A. 43:21-5(a).

The record supports the Board's decision. Petitioner acknowledged that when she left her employment, she was not threatened with discharge or discipline and there was available work. She did not have proof to corroborate her claims about the business' operations. She had not complained to any regulatory authorities or even to the company supervisor. She chose to remain with the company although she acknowledged being aware of problems from the beginning. The president of the company testified at the hearing, denying falsification of records. He testified petitioner did not complain to him about the issues she raised at the hearing.

In Casciano, 300 N.J. Super. at 572, cited by petitioner, the employee resigned after he was asked to intentionally overbill customers. He complained to his employer about the practice and claimed he was threatened with discharge. Id. at 574. He also looked for other employment before leaving his employer. Id. at 573. We reversed the Board's decision that had disqualified the employee from unemployment benefits, finding that the employee had good cause to resign. Id. at 577.

In Casciano, we noted "[t]here is a clear public policy in this state to protect employees who protest illegal activity by their employers." Ibid. We recognized that the "petitioner's legitimate distress when required by his

employer to act illegally or immorally be recognized as good cause for leaving."
Ibid.

The facts here are distinguishable from Casciano. Petitioner did not have any proofs to substantiate her claims. She had no witnesses that supported her. Her actions were not consistent with her claims. She did not look for another job. She stayed even though she was aware of the issues from the beginning and never complained. She was not threatened with termination. The employer denied the allegations of illegality.

Petitioner complains the building where she worked was a fire hazard. Under N.J.A.C. 12:17-9.4 "[a]n individual shall not be disqualified for benefits for voluntarily leaving work if he or she can establish that working conditions are so unsafe, unhealthful, or dangerous as to constitute good cause attributable to such work." Petitioner had the burden to prove this regulation applied to her situation. Ibid. However, she did not submit any competent evidence to the Board showing that the workplace was "unsafe, unhealthful, or dangerous," and never asked for a change in her working conditions.

The Board's decision was supported by the record. There was nothing arbitrary, capricious, or unreasonable about the Board's decision to affirm the Appeal Tribunal. Given this, petitioner was not entitled to unemployment

benefits and is required to reimburse the benefits she received.  See <u>Bannan v.</u>

<u>Bd. of Review</u>, 299 N.J. Super. 671, 674 (App. Div. 1997).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION