**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2958-18T2

JEFFREY HERSH,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
TROPICANA CASINO &
RESORT, HARRAH'S
ATLANTIC CITY, and
BORGATA HOTEL &
CASINO,

     Respondents.

_____

Submitted October 13, 2020 – Decided October 29, 2020

Before Judges Fasciale and Mayer.

On appeal from the Board of Review, Department of Labor, Docket No. 158,874.

Jeffrey Hersh, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Jana R. DiCosmo, on the brief).

PER CURIAM

Jeffrey Hersh appeals from a February 8, 2019 final agency decision by respondent Board of Review (Board), Department of Labor and Workforce Development, upholding a decision by the Appeal Tribunal regarding unemployment benefits. The Appeal Tribunal dismissed Hersh's appeal from a denial of unemployment benefits because his appeal was untimely under N.J.S.A. 43:21-6(b)(1) and Hersh failed to establish good cause for the late appeal in accordance with N.J.A.C. 12:20-3.1(i). We affirm.

The facts are straightforward. On June 19, 2016, Hersch applied for unemployment benefits. On May 14, 2018, a Deputy Director with the Division of Unemployment and Disability Insurance (Deputy) mailed Hersh a request for refund of benefits. The refund notice advised that Hersh was ineligible for unemployment benefits because he reported earnings while he received those benefits and demanded Hersh refund the sum of $2,356 in unemployment benefits. The notice also advised that Hersh had ten calendar days to file an appeal from that determination. Because the Deputy's determination was mailed on May 14, 2018, the last day for Hersch to file an appeal was May 24, 2018.

Nearly two months later, on July 18, 2018, Hersch filed an appeal from the Deputy's determination. In an August 17, 2018 decision, the Appeal

Tribunal, at the Deputy's request, remanded the matter for "possible redetermination." The matter was reopened on August 24, 2018, and a hearing before the Appeal Tribunal was scheduled for October 9, 2018. However, due to a "miscommunication during the registration process," Hersh was unable to participate in that hearing. As a result, the Appeal Tribunal dismissed the appeal without prejudice subject to reopening.

Hersh requested the hearing be reopened and the matter was rescheduled for a hearing before the Appeal Tribunal on November 14, 2018. However, Hersh was unable to participate in that rescheduled hearing as a result of "a scheduling conflict due to a court hearing." The Appeal Tribunal dismissed the appeal without prejudice, subject to being reopened upon Hersh's request.

The matter was reopened a third time, and a telephonic hearing before the Appeal Tribunal was held on January 9, 2019. According to the Deputy's testimony, a demand for refund notice was mailed to Hersh at his address of record on May 14, 2018. Hersh conceded he received the refund demand notice in May 2018. Despite notification of the ten-day-time period within which to appeal, Hersh filed his appeal on July 18, 2018. When asked by the Appeal Tribunal examiner why the appeal was filed two months late, Hersh offered no explanation. Although Hersh testified that he moved to a new address in June

A-2958-18T2

2018, he was unable to explain why he failed to take action within ten days of the May 14, 2018 refund demand.

In the Appeal Tribunal's January 9, 2019 decision, the examiner explained "N.J.S.A. 43:21-6(b)(1) provides that an appeal must be filed within ten (10) days of the mailing of the determination, or within seven (7) days of the receipt of the determination." The Appeal Tribunal's examiner held a late appeal may be considered on the merits "if it is determined that the appeal was delayed for good cause." Pursuant to N.J.A.C. 12:20-3.1(i):

> Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

Hersh had the burden of establishing good cause for failing to timely appeal of the Deputy's refund determination. After hearing Hersh's testimony, the examiner concluded Hersh "did not have an explanation as to why the appeal was filed almost over two months after the demand for refund was received" and therefore "it cannot be established that good cause exists for the late filing." Thus, the examiner held "[t]he appeal filed on [July 18, 2018], is considered to

have been filed late without good cause in accordance with N.J.S.A. 43:21-6(b)(1)."

On February 8, 2019, the Board affirmed the Appeal Tribunal's dismissal of Hersh's appeal as untimely.

On appeal before this court, Hersh argues he should not have been disqualified from receipt of unemployment benefits. Hersh disagrees with the Appeal Tribunal's decision but cites no law in support of his position.

Our review of an administrative agency's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Where the Board's findings are supported "by sufficient credible evidence, courts are obliged to accept them." Ibid. (quoting Self v. Bd of Review, 91 N.J. 453, 459 (1982)). We will not disturb the Board's action unless it is "arbitrary, capricious, or unreasonable." Ibid.

As a claimant, Hersh bears the burden of proof to establish his right to unemployment compensation. Id. at 218. If an individual receives unemployment benefits but was not entitled to those benefits, the New Jersey Unemployment Compensation Law requires repayment of the unemployment benefits. N.J.S.A. 43:21-16(d); Bannan v. Bd. of Review, 299 N.J. Super. 671, 674 (App. Div. 1997). The time for filing an appeal from a demand for repayment of benefits is governed by N.J.S.A. 43:21-6(b)(1). The statute

provides that unless the claimant files an appeal, "within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed . . . such decision shall be final . . . ." Our Supreme Court has recognized a "good cause" exception to the statutory deadline under certain circumstances. See Rivera v. Bd. of Review, 127 N.J. 578, 586, 589 (1992). Consequently, the Department of Labor and Workforce Development adopted a regulation implementing the "good cause" exception articulated in Rivera. See N.J.A.C. 12:20-3.1(i).

Having reviewed the record, we are satisfied Hersh failed to demonstrate good cause for failing to timely appeal the Deputy's refund demand letter. The Deputy's letter was mailed on May 14, 2018, and the time for filing an appeal was ten days later on May 24, 2018. Because Hersh was unable to explain why his appeal was not filed until July 2018, he failed to satisfy the "good cause" exception to the statutory appeal period.

Under the circumstances, the Board's decision was supported by substantial credible evidence in the record and was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2958-18T2