**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0111-19T4

PERSHAN PARSARD,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and ROSA INTERNATIONAL
GROUP, LLC,

 Respondents.

_____

Submitted January 11, 2021 – Decided January 27, 2021

Before Judges Fasciale and Mayer.

On appeal from the Board of Review, Department of Labor, Docket No.183,889.

Pershan Parsard, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Sookie Bae, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

PER CURIAM

After two years, Pershan Parsard left his job as a security officer at Rosa International Group, LLC (Rosa). He appeals from the Board of Review's final agency decision which disqualified him from receiving unemployment benefits under N.J.S.A. 43:21-5(a) because he left work voluntarily without good cause attributable to his work, and required a refund of the $2,507 in unemployment benefits he received between February 2019 and May 2019. We affirm.

This court is limited in its review of administrative agency decisions. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)). This court will not disturb an agency's action unless it is arbitrary, capricious, or unreasonable. Ibid.

Under N.J.S.A. 43:21-5(a), an employee who "left work voluntarily without good cause attributable to such work" is disqualified for unemployment compensation benefits. The threshold question is whether an applicant voluntarily left work. Lord v. Bd. of Rev., 425 N.J. Super. 187, 190-91 (App. Div. 2002). The employee claiming unemployment benefits "bears the burden

2

of proof to establish their right to unemployment benefits." Brady, 152 N.J. at 218. An employee has left work "voluntarily" within the statute's meaning when "the decision whether to go or to stay lay at the time with the worker alone[.]" Campbell Soup Co. v. Bd. of Rev., 13 N.J. 431, 435 (1953); see also Utley v. Bd. of Rev., 194 N.J. 534, 544 (2008). When an individual receives unemployment benefits but was not entitled to those benefits, they "shall be liable to repay those benefits in full." N.J.S.A. 43:21-16(d); see Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997) (noting that "[t]he eligibility and disqualification provisions of the unemployment law are designed to preserve the Unemployment Trust Fund for the payment of benefits to those individuals entitled to receive them").

On appeal, Parsard argues:

POINT I

THE [BOARD] ERRED IN DISMISSING [PARSARD'S] ARGUMENTS AND GIVING PREFER[E]NCE TO THE DEFENDANTS ALTHOUGH THE DEFENDANTS COMMIT[T]ED PERJURY UNDER OATH[.]

We considered Parsard's contentions and conclude they are without sufficient merit to warrant an extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

On February 22, 2019, Parsard arrived late to his scheduled shift. Ana Munoz, the Human Resources Director, and Ada Shargay, the Regional Operations Manager, were waiting for Parsard to discuss his repeated tardiness, as Parsard previously had arrived late to work but signed in so that it appeared he arrived on time. Parsard became agitated, insulted Munoz and Shargay, stated that he "[did not] need this job," and left. He later returned to return his uniform to Rosa.

Guided by our standard of review, we conclude that the Board's factual findings are supported by credible evidence, and its decision comports with the law and is not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0111-19T4