**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2473-23

INA MENDES,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and MORRIS AVENUE
ENDOSCOPY, LLC,

    Respondents.

_____

Submitted October 9, 2025 – Decided December 3, 2025

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 294435.

Ina Mendes, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Elizabeth A. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Ina Mendes appeals from the March 4, 2025 final decision of respondent Board of Review (the Board) affirming a decision by the Division of Unemployment Insurance (the Division) requiring her to refund an overpayment of $12,489 in unemployment benefits. We affirm.

I.

After leaving employment with Morris Avenue Endoscopy, LLC, to care for her infant, Mendes filed a claim for unemployment benefits on April 18, 2021. On August 2, 2021, the Division notified Mendes that, although she was ineligible for regular unemployment benefits because she voluntarily left her job, she was eligible for pandemic unemployment assistance (PUA) under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. §§ 9001 to 9141. Mendes received PUA benefits from April 18, 2021 through February 26, 2022.

On April 1, 2022, the Division converted Mendes's regular unemployment claim to a PUA claim.[1] Three days later, the Director of the Division issued a

_____

[1] The record does not indicate a reason for the delay.

A-2473-23

request for refund of $12,489, advising Mendes she was not eligible for the PUA benefits because her "claim for benefits was canceled."[2]

Mendes appealed the request for refund to the Appeal Tribunal, which conducted a telephonic hearing. The Appeal Tribunal's February 13, 2023 decision explained the PUA benefits program ended on September 4, 2021, but the Division continued to pay Mendes benefits to which she was not entitled. In affirming the request for refund, the Tribunal noted the Division was entitled to "the recovery of benefits paid to an individual who, for any reason, has received benefits to which [the individual] was not entitled," even where the individual received the "unentitled benefits in good faith."

Mendes appealed the Tribunal's decision to the Board, which affirmed the decision on March 14, 2024. The Board found Mendes liable for the "non-fraud refund" but, since the overpayment was "categorized as an agency error," it noted recovery under N.J.A.C. 12:17-14.3 was limited to fifty percent of any future unemployment benefits.

Mendes appealed from the March 14, 2024 decision to this court. While her appeal was pending, the Legislature amended N.J.S.A. 43:21-16(d) to

---

[2] Although the Board states the request for refund advised Mendes the PUA benefits program ended, the form document included in the record did not explain the reason for the cancellation of benefits.

A-2473-23

authorize the Director of the Division to waive a repayment obligation under certain circumstances. See L. 2024 c. 102, § 6 (eff. Dec. 12, 2024).[3] On February 11, 2025, we granted the Board's motion to remand the matter for further consideration in light of the legislative amendment.

On remand, the Board reopened the matter, set aside its prior decision, and reviewed the record anew. The resulting March 4, 2025 decision reiterated Mendes was ineligible for regular unemployment benefits because she voluntarily left employment; however, she was eligible for PUA benefits, which she was paid commencing the date of her claim. Although the PUA program ended as of September 4, 2021, the Division continued to pay Mendes benefits through February 26, 2022, solely in the agency's error and through no fault of her own.

The Board considered Mendes's request for a waiver under the newly amended statute:

> With respect to the Division having classified the refund as "agency error," we note that although the statute (N.J.S.A. 43:21-16(d)) regarding the recoupment of a recovery of a refund liability due to errors by the employer or the [D]ivision was amended as of July 31, 2023 to provide for the waiving of such liability, there was no retroactivity provision in the amended law to apply to refunds established prior to

---

[3] The pertinent amendment provision was retroactive to July 31, 2023.

July 31, 2023. The Division's classification of the claimant's refund as agency error thus does not waive the claimant's liability therefor.

Thus, the Board affirmed the Appeal Tribunal's decision holding Mendes liable for the $12,489 refund and reiterated its recovery was limited to a fifty percent per week offset of any future benefits to which Mendes may become entitled. Mendes amended her notice of appeal to reflect the Board's revised final decision.

II.

Although Mendes's letter brief does not contain any legal argument or citations to case law, Rule 2:6-2(b), she contends she should not be liable for the refund because she received a notice of eligibility for PUA benefits and verified her eligibility. She also raises several issues for the first time on appeal: she relied on the Division's determination in good faith; she did not receive notice of the overpayment in violation of her due process rights; the Board should be equitably estopped from recoupment; and the spirit and intent of unemployment compensation laws is contradicted by holding a good-faith claimant liable for an agency's error. We decline to consider issues not properly presented to the trial court unless the jurisdiction of the court is implicated, or

5

the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

The scope of review of an administrative agency's final determination is limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, unreasonable, or inconsistent with applicable law. Ibid. We afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020). An administrative agency's final decision "'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).

In reviewing an agency's decision, the court "must be mindful of, and deferential to, the agency's 'expertise and superior knowledge of a particular field.'" Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re

A-2473-23

Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)).  Our review is not designed "'to merely rubberstamp an agency's decision,'" but rather, "we are constrained 'to engage in a careful and principled consideration of the agency record and findings.'"  Sullivan v. Bd. of Rev., Dep't of Labor, 471 N.J. Super. 147, 156 (App. Div. 2022) (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)).

There is no dispute the overpayment of PUA benefits after September 4, 2021 was due to agency error and not any fault attributable to Mendes.  The Board deemed her case non-fraud agency error.  The Division is nevertheless required to recover the overpayment.

Under the pre-amendment statute, when the Division determines a claimant "has received any sum as benefits . . . while otherwise not entitled to receive such sum as benefits, such person, unless the [D]irector . . . directs otherwise by regulation, shall be liable to repay those benefits in full." N.J.S.A. 43:21-16(d)(1) (2014).  The statute "requires the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits." Sullivan, 471 N.J. Super. at 155 (quoting Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997)).

Although recoupment may impose a hardship on an individual, the process "is necessary to preserve the ongoing integrity of the unemployment compensation system." Bannan, 299 N.J. Super. at 675. To ensure the State's unemployment fund is not depleted, the Board must seek repayment of erroneously paid unemployment benefits, even if the claimant received the benefits in good faith. Id. at 674-75; see also Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973) (obligating a claimant to refund benefits for which she was ineligible despite "her conceded good faith in applying for the benefits she received."). Thus, although Mendes acted in good faith and relied on the agency's determination of eligibility, she is nevertheless required to reimburse the overpayment.

Turning to the recent amendments, N.J.S.A. 43:21-16(d)(4) now provides:

> Upon request by the claimant, the Director of the Division . . . shall grant the claimant a full waiver of recovery of an overpayment of benefits only after the [D]irector has determined that the claimant has not misrepresented or withheld any material fact to obtain benefits and only under the following circumstances:
>
> . . .
>
> (C) Where the claimant received the overpayment of benefits due to an error by the [D]ivision.

A-2473-23

As the Board found, because the overpayment to Mendes predated the amendment's July 31, 2023 retroactive date, this provision is inapplicable to her case. We discern no basis to disturb the Board's decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2473-23