**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3285-23

JERMAINE DE PINA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,[1]
and PREMIER SECURITY
SERVICES, INC.,

     Respondents.

_____

Submitted October 30, 2025 – Decided January 8, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 228196.

Legal Services of New Jersey, attorneys for appellant (Sarah Hymowitz, on the briefs).

---

[1] Respondent Department of Labor and Workforce Development is improperly pled as "NJ Department of Labor."

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Christopher Weber, Assistant Attorney General, of counsel; Gina M. Labrecque, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Jermaine De Pina appeals from the May 9, 2024 final decision of respondent the Board of Review (Board), affirming a decision by the Division of Unemployment & Disability Insurance (Division) requiring repayment of an overpayment of $23,976 in unemployment benefits. We affirm.

I.

De Pina was employed as a security guard with Premier Security Services, Inc. (PSS) from June 30, 2005, until October 9, 2008. In September 2008, criminal charges were filed against him, resulting in his suspension effective October 9, 2008. Subsequently, De Pina lost his Security Officer Registration Act (SORA), N.J.S.A. 45:19A-1 to -12, license. Since possession of a valid SORA license was a prerequisite for continued employment as a security guard, the loss of his license resulted in the termination of his employment.

On August 24, 2008, De Pina filed a claim for unemployment benefits and began receiving benefits approximately two months later. He received $278 for the weeks ending October 11, 2008, through October 18, 2008, and $322 per

week for the period from October 25, 2008, through March 13, 2010, totaling $23,976.

On December 2, 2009, fifteen months after De Pina's benefits commenced, the Division issued a determination confirming his eligibility, which PSS appealed. A hearing was conducted. On February 5, 2010, the Appeal Tribunal issued a decision reversing the previous finding of eligibility and imposed a disqualification under N.J.S.A. 43:21-5(a), finding De Pina was not discharged for misconduct connected with his employment.

In a Request for Refund dated March 31, 2010, the Division imposed a liability to refund $23,976 received as unemployment benefits from October 11, 2008, through March 13, 2010, in accordance with N.J.S.A. 43:21-16(d). De Pina appealed the Board's determination to the Appeal Tribunal, which was affirmed in June 2010.

De Pina claims he was laid off from his job and applied for unemployment benefits in 2012. He asserts his unemployment benefits were recouped because of the liability imposed for the overpayment in connection with his 2008 unemployment claim.

For reasons which are not clear from the record, in December 2019, De Pina requested his overpayment be designated as "agency error" on grounds the

Division's processing fell outside statutory and regulatory timeliness requirements. On February 18, 2020, the Division denied De Pina's request, stating the overpayment "was a result of an Appeal Tribunal [d]ecision and was not the result of an error made by the agency."

De Pina again appealed to the Appeal Tribunal. Following a hearing, the Appeal Tribunal dismissed his appeal, concluding it was not timely filed under N.J.S.A. 43:21-6(b)(1). It further concluded De Pina had not shown good cause for the late filing.

Dissatisfied with the ruling, De Pina appealed to the Board. The matter was remanded to the Appeal Tribunal for a hearing and decision on all issues.

Following the remand hearing, the Appeal Tribunal issued a determination in July 2023, finding: (1) the appeal was timely because De Pina reported the appeal to the local office within six days of the mailing of the Division's determination, and (2) De Pina was not qualified to receive unemployment benefits. Accordingly, he was liable for a refund of $23,976 for the overpayment of unemployment benefits.

De Pina filed another appeal to the Board, which affirmed the Tribunal's decision on May 9, 2024. The Board determined there was insufficient evidence

to show the refund was caused by agency error.  The Board explained, in relevant part:

> On September 29, 2008, the [s]tock [m]arket crashed plunging the United States['] economy into a recession and a significant increase in the unemployment rate and claims.  This increase in unemployment claims created a backlog of claims processing for the Division, similar to the COVID-19 pandemic, which was most likely the driving force in the delay in the issuance of the Division's initial determination.  Ultimately, [De Pina] did not receive two determinations of entitlement to qualify for the "two-determination" rule and there is insufficient evidence showing that the refund was caused by an agency error.

However, the Board corrected the refund liability to include the weeks ending October 11, 2008, through March 13, 2010.  It notified De Pina he could apply for a waiver of refund through the agency website.

## II.

De Pina raises two arguments on appeal.  He first argues the Division's late issuance of the determination more than a year after the eligibility determination and payment after the statutorily mandated deadline constituted "agency error."  De Pina argues the Division's denial of an "agency error" is based on an assessment of an incorrect agency action.

The scope of appellate review of an administrative agency's final determination is limited.  D.C. v. Div. of Med. Assistance & Health Servs., 464

N.J. Super. 343, 352 (App. Div. 2020). Thus, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious[,] or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

"We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). We therefore defer to factfindings that are supported by sufficient credible evidence in the record. McClain v. Bd. of Rev., Dep't of Lab., 237 N.J. 445, 456 (2019); see Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997).

"Moreover, '[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'" Brady, 152 N.J. at 210 (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)) (alteration in original). We afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge." In re

Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020). An agency's discretion, however, "is not unbounded and must be exercised in a manner that will facilitate judicial review." In re Kim, 403 N.J. Super. 378, 384 (App. Div. 2008) (quoting R & R Mktg., L.L.C. v. Brown Forman Corp., 158 N.J. 170, 178 (1999)).

N.J.S.A. 43:21-16(d)(1) requires the full repayment of unemployment benefits received by a claimant who is subsequently found to have not been entitled to receive those benefits. Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997). The refund must be paid "regardless of good faith," hardship, or reliance on an initial agency determination. Sullivan, 471 N.J. Super. at 155 (quoting Bannan, 299 N.J. Super. at 674-75).

We reject De Pina's contention the Division's delay in issuing the eligibility determination in December 2009, as well as the subsequent ineligible determination and the imposition of a refund, constituted a breach of the three-week deadline set forth in N.J.S.A. 43:21-6(b)(1). He further argues such delay mandated the fifty percent repayment schedule. However, the cases on which he relies are unpublished and therefore are not binding on us. R. 1:36-3.

Having reviewed the record, we discern no error in the Board's decision. As explained by the Board in its May 2024 decision, at the time De Pina filed

his claim in 2008, the fifteen-month delay in the issuance of the initial determination resulted from a "significant increase in the unemployment rate and claims" following the 2008 stock market crash. The backlog in processing the voluminous claims and issuing determinations does not constitute agency error.

Moreover, there is sufficient credible evidence in the record to support the Board's decision to require De Pina to repay $23,976. It is undisputed De Pina received weekly benefits even though his termination was not the result of misconduct connected with his employment. Rather, DePina's disqualification was based on his inability to possess a valid SORA license due to a criminal offense. Accordingly, De Pina received unemployment compensation benefits to which he was not legally entitled. We find no basis to disturb the Board's decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3285-23